IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                          Criminal No. 2:04-cr-00097

**PRINCE ANDRE PRICE**

## MEMORANDUM OPINION AND ORDER

In Bluefield, on July 21, 2011, came the defendant, Prince Andre Price, in person and by counsel, George H. Lancaster, Jr., Assistant Federal Public Defender; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came the United States Probation Officer Keith Zutaut, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on May 31, 2011. The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Defendant admitted at the hearing that he had been dismissed from the Dismas Charities community correction center for failure to abide by its rules and regulations, the

1

violation alleged in the amended petition. The court therefore found by a preponderance of the evidence that the defendant had committed the violation alleged in the amended petition.

The Assistant United States Attorney stated his belief that a sentence within the guideline range would be the most appropriate. Mr. Lancaster asked the court to consider sentencing the defendant at the bottom of the guidelines range. Both also noted, however, that they did not believe a reimposed term of supervised release to be necessary. Mr. Lancaster informed the court that Mr. Price has been dealing with mental health issues for much of his life. In particular, Mr. Lancaster noted that Mr. Price has problems with anxiety around other people. Mr. Price represented to the court that he uses alcohol and drugs as a way to self-medicate his anxiety, and that his real need is for effective mental health treatment and counseling.

Having heard arguments of counsel and the defendant's admission, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was seven to thirteen months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years for a violation of a term of

supervised release if the offense that resulted in the term of supervised release was a Class C felony. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a term of seven (7) months. The court imposed no new term of supervised release.

The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

The defendant was informed of his right to appeal the court's revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the

Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 25th day of July, 2011.

        ENTER:

        *David A. Faber*
        David A. Faber
        Senior United States District Judge